## ELBERT GASTON *v.* THE STATE.

1. TRANSFER OF MISDEMEANOR CASES FROM THE DISTRICT TO INFERIOR COURTS.— Certificate of the district clerk which sets out that "the foregoing is a true copy of all the proceedings taken in the above case in the District Court, together with a true statement of the bill of costs accrued therein in the District Court, and that the indictment and all papers relating to the same on file in said court, are herewith transmitted," is a substantial compliance with art. 437, Code Crim. Proc.

2. PRACTICE — CONTINUANCE — BILL OF EXCEPTIONS.— The action of the trial-court in refusing a continuance will not be revised unless challenged there and presented to this court by an authenticated bill of exceptions. Recital in the judgment that a continuance was refused, and that the defendant excepted, will not supply the place of a specific bill of exceptions.

3. DILIGENCE.— Acceptance of service of a subpœna on the morning of the trial by a witness who resided eleven miles distant from the court-house, is not such diligence as, in the event of the non-attendance of the witness, will authorize a continuance. See the opinion with respect to the service of subpœna by acceptance.

4. AGGRAVATED ASSAULT and aggravated assault and battery being synonymous as used in our statute, the technical inaccuracy of their use as convertible terms is not an objection to the charge of the court.

5. SAME.— Want of specific proof that the defendant was an adult male is not an available objection, when the record shows that the question was not in controversy below, and is not suggested by the facts in evidence.

6. CHARGE OF THE COURT.— The defense asked a charge for acquittal, if the jury believed from the evidence that when the defendant struck the prosecuting witness with a plow-line she was in the act

of turning defendant's mule from a water-trough, though admonished not to do so, whereupon he struck her with the plow-line: *Held*, properly refused as being a charge upon the weight of evidence, and as obnoxious to art. 491, Penal Code, which justifies the use of a necessary degree of force to effect the lawful purposes specified.

APPEAL from the County Court of Rusk. Tried below before the Hon. A. J. SMITH, County Judge.

The indictment charged the appellant, an adult male, with an aggravated assault upon Sudie Jordan, a female. The trial resulted in the conviction of the appellant, with his punishment assessed at a fine of twenty-five dollars.

The substance of the testimony for the State was, that the prosecuting witness and her husband were "croppers" on the farm of Mrs. M. A. Gaston. That at noon on the day on which the offense was committed, the defendant and the witness's husband came up to witness's house from plowing, leading their mules. The witness's husband tied his mule to the fence, telling witness that he was going to procure provender for the animals, and directing her to request the defendant to lead his, witness's husband's, mule to the water-trough, and water it. She requested defendant, as directed by her husband, but he refused, and proceeded to the water-trough with his own mule. The witness followed and told her husband that she would not draw water for defendant's mule, as he had refused to comply with the request to lead the other mule to the trough. She took the defendant's mule by the bridle and turned it around at the trough where it was drinking, in order to make room for her husband's mule to drink. Defendant ordered her to release the mule, which she did not do. He repeated his command to release the mule, emphasized it with an oath, and struck her in the face with the end of the plow-line, raising a "whelk" on her cheek, as large as a finger.

This witness was corroborated by the testimony of Harry Jordan.

The defense offered no testimony.

*Drury Field*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J.   The certificate of the district clerk transferring the case from that court to the County Court is in substantial compliance with the provisions of the statute, and hence the court did not err in overruling defendant's objections *in limine* based upon supposed defects in the same.   Code Crim. Proc. art. 437; *Coker* v. *State*, 7 Texas Ct. App. 84.

Without a bill of exceptions reserved to the overruling of an application for continuance the ruling will not be revised.  A recital in the judgment that the application was overruled and defendant excepted will not answer in lieu of a specific bill of exceptions.   *Nelson* v. *State*, 1 Texas Ct. App. 41, and authorities cited.   In the Rules for the government of proceedings in the District Court it is expressly provided that "the rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon admission or rejection of evidence, and upon other proceedings in the case not embraced in Rules 53 and 55, when sought to be complained of as erroneous, must be presented in a bill of exceptions signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise. Rule 55*a*.

In the case before us the judge did not sign or approve the bill.   But, had the bill of exceptions been properly signed and approved the application, we think, would still be wanting in diligence.   It is stated that the witness on account of whose absence it was sought resided

eleven miles from the county seat, and that she had accepted service of the subpœna issued for her on the very morning of the trial. It is not shown whether at the time of the acceptance of service the process was in the hands of the proper officer, or not. Such fact might be necessary to establish a proper service by acceptance, in order to hold the witness liable for contempt in case of disobedience, if, indeed, a witness can render himself liable for punishment when the service is by acceptance.

Be that as it may, the service of the subpœna on the day of the trial, eleven miles from the court-house, and the witness too in bad health, does not show proper diligence; and would not, according to Mr. Greenleaf, even had the witness been in good health. He says "the service of a subpœna upon a witness ought always to be made *in a reasonable* time before trial, to enable him to put his affairs in such order that his attendance upon the court may be as little detrimental to his interest as possible. On this principle a summons in the morning to attend in the afternoon of the same day has been held insufficient, though the witness lived in the same town and very near to the place of trial." 1 Greenlf. Ev. sec. 314. Whilst we are not prepared to indorse the position stated in the last sentence,— for that might be carrying the rule too far,— still we think that proper diligence would require the service and notice of more than part of a day where the residence of the witness is remote.

The technical accuracy of the charge in its use of the terms "aggravated assault" and "aggravated assault *and battery*," as though they were interchangeable and convertible terms, is also complained of. This case was discussed in the case of *Kennedy* v. *State*, decided at the present term, and they were held synonymous as used in our statute. *Ante*, p. 73.

Another objection urged is that the fact that defendant was an adult male was not explicitly proved. An exam-

ination of the statement of facts will show that no question or controversy whatsoever was raised with regard to the matter, and where there is no question of the kind availed of in the court below nor suggested by the facts in evidence, the case will not be reversed for want of specific proof of the fact. *Tracy* v. *State*, 44 Texas, 9; *Veal* v. *State*, 8 Texas Ct. App. 476.

A special instruction requested in behalf of defendant was properly refused by the court. This instruction was with reference to the degree of force permissible in repelling violence offered to the property of another. Besides being obnoxious to the imputation that the instruction was upon the weight of evidence, it was also repugnant to the statute which provides that "where violence is permitted to effect a lawful purpose, only that degree of force must be used which is necessary to effect such purpose." Penal Code, art. 491.

We see no error in the record, and the judgment is affirmed.

*Affirmed.*